### FIRST STATE BANK OF TEAGUE v. MUNGER et al. (No. 7676.)

(Court of Civil Appeals of Texas. Dallas. Dec. 16, 1916. Rehearing Denied Feb. 3, 1917.)

1. BANKS AND BANKING ⬉154(8) — EXCHANGE — ACTIONS — EVIDENCE — SUFFICIENCY.

In an action on account by a bank against individuals wherein the bank alleged that, after beginning suit, money of defendants came into its possession, and that it held such money as a credit on the account, and in which suit a third person claimed such money and made another bank defendant as the depositary of a check for such amount, and such other bank by cross-action sought to recover such money on allegations that a check was drawn against funds of a third person on deposit with the plaintiff, made payable to another person, and that plaintiff placed the amount of the check to defend-

ant's credit and converted it to its own use, evidence *held* insufficient to support judgment for cross-complainant.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 526–529; Dec. Dig. ☞ 154(8).]

2. APPEAL AND ERROR ☞1169(1)—DISPOSITION OF CAUSE—REVERSAL.

A judgment must be supported by both pleadings and evidence, and lack of either will require reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4531; Dec. Dig. ☞1169(1).]

Appeal from District Court, Freestone County; A. M. Blackmon, Judge.

Action by the First State Bank of Teague against B. A. Munger and others, composing the firm of Munger, Parker & Marshall, wherein Mrs. B. A. Munger and husband filed a cross-action, and the First State Bank of Bangs filed a cross-action against the Farmers' & Mechanics' National Bank of Fort Worth, and against the plaintiff, and the Farmers' & Mechanics' National Bank of Fort Worth prayed judgment against the plaintiff. General demurrer by the Farmers' & Mechanics' National Bank was sustained, and that defendant dismissed. Judgment for plaintiff against Munger and others, and for Mrs. Munger against the First State Bank of Bangs, and for the State Bank of Bangs against the plaintiff. From the last judgment, plaintiff appeals. Reversed and remanded.

D. T. Garth, of Teague, for appellant. Boyd & Bell, of Teague, for appellees.

TALBOT, J. The appellant sued B. A. Munger, B. B. Marshall, and J. E. Parker, composing the firm of Munger, Parker & Marshall, on an account to recover the sum of $844.91, together with interest. By an amended petition it was alleged that after the institution of the suit there came into the possession of the plaintiff the sum of $700, belonging to the defendant B. A. Munger, which was being held by plaintiff to be applied as a credit upon its account against said Munger, Parker & Marshall; that Mrs. B. A. Munger, the First State Bank of Bangs, and the Farmers' & Mechanics' National Bank of Ft. Worth, were each setting up some sort of interest in and to said $700, which was unfounded, and prayed that they be made parties to the suit, which seems to have been done, by service of citation. Thereafter, Mrs. B. A. Munger, joined by her husband, filed a cross-action in the suit for the $700 held by plaintiff, First State Bank of Teague, alleging that she deposited a check for $700 in the First State Bank of Bangs for collection, that said check was sent by the last-named bank to the said Farmers' & Mechanics' National Bank for collection and thence to plaintiff, the First State Bank of Teague, and by said First State Bank of Teague converted to its own use. The First State Bank of Bangs filed a cross-action in

the suit against the Farmers' & Mechanics' National Bank of Ft. Worth and against plaintiff, the First State Bank of Teague, alleging, in substance, that Mrs. B. A. Munger deposited with it a check for $700, and that it sent said check to the Farmers' & Mechanics' National Bank of Ft. Worth, which was by said Ft. Worth bank in turn sent to the plaintiff; that said check was drawn on funds belonging to Mrs. Tharp on deposit with appellant; that appellant passed the amount of the check to the credit of B. A. Munger and then converted it to its own use. The Farmers' & Mechanics' National Bank of Ft. Worth answered and prayed that, if any judgment was rendered against it, it have judgment for a like amount against plaintiff, First State Bank of Teague. The case coming on for trial, a general demurrer urged by the Farmers' & Mechanics' National Bank of Ft. Worth was sustained, and that defendant dismissed from the suit. The trial then proceeded, and a judgment was rendered in favor of plaintiff, First State Bank of Teague, against B. A. Munger, J. E. Parker, and B. B. Marshall for the amount sued for by it in the original action. A judgment was also rendered in favor of Mrs. B. A. Munger against the First State Bank of Bangs for the sum of $15 and in favor of the First State Bank of Bangs against the plaintiff, First State Bank of Teague, on its cross-actions, for the sum of $700. From this latter judgment the plaintiff appealed.

Appellant contends by its first assignment of error that the trial court erred in rendering judgment against it in favor of the appellee First State Bank of Bangs for the sum of $700, sued for in said appellee's cross-action, because there was no evidence adduced upon the trial showing that appellant, First State Bank of Teague, was in any way responsible or liable to appellee First State Bank of Bangs for said amount, and said judgment was wholly without evidence to support it. This contention, we believe, is well taken. The entire evidence bearing upon the question as pointed out by appellant in its brief, and which is not controverted, appellee not appearing in this court, is as follows:

B. A. Munger, witness for defendant, testified as follows:

"My name is B. A. Munger. I am one of the defendants in this case. I live now in Coleman county. On February 25, 1911, my home was then in Teague, Tex. I purchased about one acre of land from J. D. Carley, over there on the south side of town. It did not have any building on it when I purchased it. I placed a building on it. It was a five-room bungalow or cottage. I was a married man at that time, and my wife was living. At the time I built the house we had one child. I came to Teague on August 13th, just a little bit before the town opened in the summer of 1906. We lived there boarding around until, I think, the following October, when I built my house. That was in 1907. I built a brick bungalow and occupied it the remainder of the time as my home. About

the 25th of February, 1911, I sold that place to Hamlin for $1,500 or $1,650. I would not say positively which, $450 cash and notes for the $1,200. My household goods and everything were in the building when I sold it. After selling, I had these vendor's lien notes for $1,200, and just after I turned the deed over to Mr. Hamlin—they were in fact practically sold before the trade was closed, but it was not for a day or two after I turned the deed over to him that I sold the vendor's lien notes to Mrs. Tharp. She gave me two checks for them, one for $500 and one for $700. The $500 check I cashed, and the other one I was asked not to cash until on or about the 1st day of April. I turned that check over to the First State Bank of Bangs for collection. I have never heard of the check since. This check was given to me right after the sale of the homestead. I don't remember now just the date, but it was bound to have been within a day or two. It was not cashed right then because Mrs. Tharp said she did not have sufficient funds to take the matter up then, but would have some collections in by that time. It was to be paid April 1st, on or about that time, I can't say positively. That $700 was a part of the proceeds of the home at Teague. That check was drawn on the First State Bank of Teague, Tex. I left there March, 1911. Prior to the time I moved out there, I went to Coleman often. In the fall of 1910 I did not go out there and establish that as my homestead. I made that my home out there in the spring of 1911, March. My home is in Coleman county. I established that as my home in March, 1911, about the first of March. We sold our home here in Teague, and, as soon as I got these checks and the notes disposed of, we packed up and moved out there. I don't remember the exact date, but it was about the first days of March. The homestead we have out there is 200 acres. It is in Coleman county, about seven or eight miles from Bangs. There was $685 of this money drawn out of the bank at Bangs and put into that home after we deposited that check."

Mrs. B. A. Munger testified as follows, to wit:

"My name is Mrs. B. A. Munger, the wife of defendant. Prior to February 20, 1911, we lived in Teague. We had just sold our home there, I believe, to a Mr. Hamlin. Before we sold it, I guess we lived in that house about four years. While we were living in Teague, we did not own any other home. That is the only home we had when we lived in Teague. We were occupying the house and had all of our things in there. We moved two or three or four days after we sold it, something like that. We picked up and moved out to Coleman county. I owned a piece of land of my own out there at that time. The money we got for the place here we put into the place out there improving it. The check for $700 given to us by Mrs. Tharp was made payable to me, I believe. I indorsed it and deposited it in the bank for collection. I have never seen it since. The bank there advanced the money on the check, most all of it, I believe, except about $15 that was not taken out. Mrs. Tharp's check was drawn on the First National Bank; I think it was at Teague. I don't know whether it was a negotiable check or not; I can't say if it was just an ordinary check or not."

Mrs. M. B. Tharp testified as follows:

"I live in Teague, Tex. Along about March of this year (1911), I bought some vendor's lien notes from B. A. Munger. I bought $1,200 worth of notes. These notes were against Mr. Munger's home which he had sold to Mr. Hamlin; that was a little brick house. I paid $1,200 for those notes. I bought them about 27th, or 28th of February. I gave a check for $500, and the first day of April I was to pay over the other $700. I gave Mr. Munger a check for $700, but I don't remember who it was made payable to. I have made a search for that check among my papers, and I could not find it, and I went to the First National Bank, and they could not find it there. My bank book at the First National Bank shows that check was paid. Here is the stub in my check book which shows that I gave him a check for $500 on February 27th. The bank book shows that the $700 check was paid the 1st of April. It was charged to my account on that day, April 1, 1911. I don't remember whether I ever had that check or not. According to my stubbook, this check was made payable to B. A. Munger. Mr. Foster wrote the check, and I signed."

[1, 2] It is clear, we think, that this evidence is wholly insufficient to support the judgment rendered in favor of the appellee the First State Bank of Bangs. It does not show that the check for $700 given by Mrs. Tharp to B. A. Munger was drawn on the appellant, First State Bank of Teague. On the contrary, it shows that said check was drawn on the First National Bank. It does not show that the money which appellant alleged it had in its possession belonging to B. A. Munger was collected on or passed to the credit of the said Munger in satisfaction of said check. That money, so far as the testimony discloses, may have come into the hands of the First State Bank of Teague from an entirely different source and altogether independent of the check given by Mrs. Tharp. Indeed, the testimony fails to show that the First State Bank of Teague ever had any money on deposit belonging to Mrs. Tharp subject to the payment of the check in question. There may be testimony tending to show that the "First National Bank" had funds in its possession belonging to Mrs. Tharp against which the check might have been drawn, and that the passbook given by that bank to Mrs. Tharp showed that it had paid the check; but it does not appear that the First State Bank of Teague and the said First National Bank are one and the same institution, or that the First State Bank of Teague ever received from the First National Bank or from any other source the money collected on said check. The appellee First State Bank of Bangs sought to recover upon allegations to the effect that the check in question was drawn against funds belonging to Mrs. Tharp on deposit with the appellant, First State Bank of Teague, and that appellant, having passed the amount of the check to B. A. Munger's credit, converted it to its own use. The evidence failed to establish these allegations, and it is elementary that a judgment must be supported by both pleadings and evidence and that the lack of either will require its reversal.

For lack of evidence to support it, the judgment appealed from is reversed, and the cause remanded.