**RUSK et al. v. RUSK.**

**No. 2248.**

Court of Civil Appeals of Texas. Beaumont.

June 15, 1932.

F. I. Tucker and Adams & McAlister, all of Nacogdoches, for appellants.

A. T. Russell, of Nacogdoches, for appellee.

WALKER, C. J.

This suit was brought by Ed Rusk, as plaintiff, against Minnie Montgomery Rusk, the surviving wife of G. R. Rusk, deceased, and their minor son, Richard Rusk, and Annie Rusk, the surviving wife of W. T. Rusk, deceased, and their minor children Annie Rusk and O. T. Rusk, to partition 150 acres of land situated in Nacogdoches county, Tex. This land was the community property of John Rusk and his wife, Henrietta Rusk, both of whom were dead when this suit was filed. Henrietta Rusk died in 1907 and John Rusk died subsequent to 1917. In addition to Ed Rusk and their deceased sons, G. R. Rusk and W. T. Rusk, John and Henrietta Rusk were survived by six sons and daughters. Ed Rusk fully described the 150 acres of land in his petition, and alleged that it was jointly owned by him and the defendants; that he owned in the land an undivided eight-ninths interest; that the minor Richard Rusk owned an undivided one-eighteenth interest in the land, and the minors, Annie and O. T. Rusk, each owned an undivided one thirty-sixth interest in the land; and that the land was "susceptible of partition in kind." There was no allegation of the estimated value of the land, nor was there any allegation of the oral gift of the land to the plaintiff. The only allegation of title was "the plaintiff and the defendants are joint owners of a certain tract of land." The prayer

was for the partition of the 150 acres of land according to the respective interests owned by the parties, the appointment of commissioners, etc. Defendants Mrs. Minnie Rusk and Richard Rusk answered by general demurrer and pleas of not guilty. Defendants Mrs. Annie Rusk and her children, Annie and O. T. Rusk, answered by general demurrer, pleas of not guilty, and a special plea that Ed Rusk owned an undivided seven-ninths in said land, and that they owned an undivided one-ninth interest therein. Ed Rusk offered testimony to the effect that in 1917 his father gave him, by an oral gift, his community one-half interest in the land, and that he held deeds from six of his brothers and sisters conveying him all their interest in the land. The jury found that (a) John Rusk gave his one-half interest in the land to plaintiff Ed Rusk, and that (b) Ed Rusk took possession of the land after it was given to him, and (c) that he "made valuable improvements before the death of John Rusk, upon the land in controversy, upon the faith of the gift," and (d) that John Rusk, "during the years from 1918 until the time of his death," did not "exercise any control over the land sued on herein." On the verdict, the court entered its decree that Ed Rusk was the owner of an undivided eight-ninths interest in the 150 acres of land, and that the defendants owned the interests therein as pleaded by Ed Rusk; that the land was susceptible of partition, and appointed commissioners. The appeal is by the defendants.

## Opinion.

■ The failure of appellee to plead the estimated value of the land in controversy, as required by article 6083, did not render the petition bad on general demurrer. This issue would constitute error, if error at all, only upon special exception, and the issue was not made by special exception.

■ Appellee was not required to plead his title specially; that is, he was not required to plead specially the fact that his father gave him the land by an oral gift. The allegation that he and appellants were "joint owners" of the land in controversy was sufficient to admit proof of his title by inheritance under his father and mother, that he had acquired the interest of his father by parol gift, and that he had acquired by written conveyances the interest of his brothers and sisters who claimed as heirs of their deceased parents. The specific point made by appellants is that the title by parol was an equitable title, and, in the absence of a special plea of the parol gift, evidence on that issue was inadmissible. A sufficient answer to this proposition is to say that title to land based upon a parol gift is a legal and not an equitable title. Though the gift is in violation of the statute of frauds, yet it can be enforced upon equitable grounds. That the legal title can be enforced only upon equitable grounds does not convert it into an equitable title. Miss Helen Rusk and Lawrence Rusk, brother and sister of appellee, and Mrs. Lawrence Rusk, were permitted to testify that they were present when their father, John Rusk, gave his interest in the land to Ed Rusk, and that he did, in fact, give his interest to Ed Rusk, and that Ed Rusk accepted it. Appellants erroneously insist that this testimony was received in violation of article 3716.

"In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

These witnesses, not being parties to the suit, do not come within the literal language of article 3716, and, having no interest in the litigation, were not necessary parties. Roberts v. Yarboro, 41 Tex. 449, 451; Markham v. Carothers, 47 Tex. 21, 25; Oury v. Saunders, 77 Tex. 278, 13 S. W. 1030; Gurley v. Hanrick's Heirs (Tex. Civ. App.) 139 S. W. 721.

The court did not err in decreeing that the land was susceptible of partition. The evidence showed that the 150 acres of land in controversy was, for the most part, in cultivation, and that the improvements thereon did not render it incapable of partition.

■ It was not error for the court to refuse to charge the jury, as appellee insists, that the value of improvements made by Ed Rusk "must be compared with the rental value of the land received by him during the twelve years it was in his possession." The evidence showed that appellee had put upon the land improvements of the probable value of between $300 and $400, and during the twelve years that he claimed possession under the gift from his father, had collected rent from the land of the probable value of $2,400. The rental value of the premises is ordinarily not material on the issue of title by a parol gift. On this point the only issue is whether permanent and valuable improvements have been made upon the premises by the donee in reliance upon the gift, with the consent and knowledge of the donor. There is no proposition attacking the verdict of the jury finding these facts. Davis v. Douglas, 15 S.W.(2d) 232, by the Commission of Appeals, so clearly controls this case against appellants' proposition that no further discussion is necessary.

■ The lower court permitted appellee to testify fully as to the facts of the gift of

the land by his father to him. This testimony was clearly in violation of article 3716 copied above, as construed by the following authorities. Pellum v. Fleming (Tex. Civ. App.) 283 S. W. 531; Tannehill v. Tannehill (Tex. Civ. App.) 171 S. W. 1050; James v. James, 81 Tex. 373, 16 S. W. 1087. Appellee erroneously insists that without this testimony he would have been entitled to an instructed verdict on the issue of parol gift, and therefore the reception of this testimony was harmless error, relying upon the proposition, fourth syllabus, advanced by Peil v. Warren (Tex. Civ. App.) 187 S. W. 1052. The three witnesses named above testified positively to the gift. But, after the date of the gift as testified to by them, the donor joined in a conveyance of a right of way across this land, and for several years assessed it for taxes, during which time appellee did not render it for taxes. We think, on this statement of the evidence, the issue of gift was one of fact for the jury.

For the reasons stated, the judgment of the lower court is reversed, and the cause remanded for a new trial.