**HARDIN et al. v. EUBANK et al.**

No. 15307.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 4, 1952.

Rehearing Denied Feb. 8, 1952.

W. E. Fitzgerald, Wichita Falls, for appellants.

John W. Moore, Jacksboro, for appellees.

CULVER, Justice.

This is an appeal from a judgment which decreed a partition in kind of both the surface and minerals of a 150 acre tract of land located in Jack County. The suit was brought in behalf of Gerald E. Eubank and five others against Clifford B. Hardin and nine others, praying for a partition by sale and distribution of proceeds, or, in the alternative, for a partition in kind.

Appellants assert that the judgment is not supported by the pleadings or the evidence, and that the mineral estate is not susceptible of partition in kind with the owners of the surface rights because there is no unity in the right of possession.

Plaintiffs' petition did not disclose the interest which each of the parties owned but merely asserted "that the plaintiffs and the defendants are the joint owners in fee simple and together are the sole owners of the hereinafter described real estate."

Rule of Civil Procedure 756 provides that the petition shall state, among other things, "The share or interest which the plaintiff and the other joint owners, or joint claimants, of same own or claim so far as known to the plaintiff." No exception was leveled to the petition on that score by the appellees and in the absence thereof we think the petition is sufficient. Rusk v. Rusk, Tex.Civ.App., 52 S.W.2d 1108; Gill v. Baird, Tex.Civ.App., 32 S.W. 2d 941.

As to whether the evidence is sufficient to support the judgment is a more

serious question. It may be surmised that five Eubank heirs originally owned each an undivided one-fifth interest in the land, and there are in evidence several deeds conveying these interests from one heir to another and reserving a portion of the mineral estate. The judgment proceeds to partition both the surface and the mineral estate, awarding to the six plaintiffs jointly 113/280 interest in the minerals and mineral rights and 232/280 interest in and to the surface and surface rights of the land. It then awards to the defendants fractional interests in and to the minerals and the surface.

We have examined the statement of facts, which consists solely of the testimony of one witness, Gerald Eubank, and the deeds as exhibits. We are unable to find any basis in the evidence for the division made, at least so far as the majority of the parties are concerned.

■ The names of ten of these parties who were declared to own a fractional interest in the minerals and the surface are mentioned only in the petition and in the judgment. There is not a line of testimony which would show what their respective interest was. Evidently the court must have relied upon some evidence, possibly an abstract of title, which is not reflected in the record. It is fundamental that the judgment of the court must find support in the evidence. Rule of Civil Procedure 301; Eubanks v. Akers, Tex. Civ.App., 197 S.W.2d 370; First State Bank v. Munger, Tex.Civ.App., 191 S.W. 596; West American Ins. Co. v. First State Bank, Tex.Civ.App., 213 S.W.2d 298. The point is sustained.

■ Article 6082, Vernon's Civ.St., provides that any joint owner of any mineral, coal, petroleum, or gas lands, whether held in fee or by lease or otherwise, may compel a partition thereof between the other joint owners or claimants thereof. So far as it can be determined, the evidence indicates that only one of the parties, Clara Phillips, had retained and owned an undivided royalty interest, which consists of one-eighth of the oil under an undivided one-fifth interest in the land. All of the

others seem to be joint owners in the mineral estate and some were joint owners of the surface. Therefore, the appellees possess the right to have the minerals partitioned in kind. Appellants in their answer admit joint ownership in the land and premises which were described in plaintiffs' petition. Indeed, we are of the opinion that the partition was correct, even so far as the royalty owner Clara Phillips was concerned, because there was to be set aside to her the royalty interest under a certain 30 acres instead of the royalty interest under an undivided one-fifth of the whole tract. 31–A Tex.Jur., Oil and Gas, par. 18; Simpson-Fell Oil Co. v. Stanolind Oil and Gas Co., 136 Tex. 158, 125 S.W.2d 263, 146 S.W.2d 723; Henderson v. Chesley, 116 Tex. 355, 292 S.W. 156; Chaffin v. Hall, Tex.Civ.App., 210 S.W.2d 191. The purpose of the statute, art. 6082, was to enable joint owners of a mineral estate, quarreling among themselves over its management or operation, to divide it so that each will have a segregated portion thereof, which he may manage according to his own notions. Medina Oil Development Co. v. Murphy, Tex.Civ.App., 233 S.W. 333.

There has been no development or exploration for oil on the tract of land in question and it is not shown that any portion of the land is regarded more favorably from the standpoint of oil production than any other. In this situation "the court should assume for the purpose of partition that each acre of the land contains an equal amount of minerals, and partition by dividing the surface." Henderson v. Chesley, supra.

■ Appellants, in contending that the mineral estate here is not susceptible of partition, rely upon the case of Lane v. Hughes, Tex.Civ.App., 228 S.W.2d 986. In that case it was held that Hughes was not a joint owner with Lane, for the reason that Hughes in selling the land to Lane had retained the one-eighth royalty, specifying that his part was to be delivered free of cost. Hughes had no right to lease the land or explore for oil and could not be required to accept a partition which would give him all of the oil under one-

eighth of the land. Admittedly, this would ultimately result in Hughes' having only a one-eighth royalty under one-eighth of the land instead of one-eighth royalty under the entire tract. We think this case is not in point here.

We are of the opinion that the mineral estate is susceptible of being partitioned in kind among the joint owners, but for the reason that the evidence is not sufficient to support the judgment, we feel the case must be reversed and remanded for another trial.