Kenneth COWLEY, et ux., et al., Appellants,

v.

Porter Albert PAGE, et al., Appellees.

No. 7998.

Court of Civil Appeals of Texas, Texarkana.

Jan. 12, 1971.

Rehearing Denied Feb. 9, 1971.

James N. Haltom, Wheeler, Watkins, Hubbard, Patton & Peek, B. A. Britt, Jr., Harkness, Friedman & Kusin, Texarkana, for appellants.

Don Wills, Bean Francis, Ford, Francis & Wills, Dallas, Howard Waldrop, Atchley, Russell, Hutchinson & Waldrop, Guy Jones, Texarkana, for appellees.

DAVIS, Justice.

Two cases were filed as the result of a single collision between two automobiles. When the cases were called for trial, they were consolidated and tried on their merits as one lawsuit. One of the parties had public liability insurance which also insured the same parties under the "uninsured automobile coverage" of the policy.

Plaintiffs in the first suit will be referred to as the Pages and the Defendants will be referred to as the Cowleys. The Pages alleged that the Cowleys were negligent which resulted in damages and personal injuries to all the occupants of the Page's automobile. The Cowleys had to accept the services of an attorney that was hired by State Farm Mutual Insurance Company.

The Cowleys then secured the services of another attorney and filed the second suit against the State Farm Mutual Insurance Company, hereinafter referred to as the insurance company, in which they alleged that the Pages were negligent, that they were uninsured and they sought damages and personal injuries against the insurance company under the "uninsured automobile coverage" provision of their insurance policy. The attorney representing the insurance company in the first suit had to withdraw and another attorney was employed to represent the insurance company in the Cowleys suit for damages and injuries under the "insured automobile coverage."

The car being operated by the Pages was traveling in a northerly direction on U. S. Highway 67 and the car being operated by the Cowleys was traveling in a southerly direction on U. S. Highway 67 and the

collision occurred between Redwater and Maud, Texas.

The car being driven by the Pages was not covered by any insurance at all, either property damage or public liability insurance. The car being operated by the Cowleys was covered by property damage and public liability insurance and also carried a provision for "uninsured automobile coverage".

In addition to the adverse allegations of negligence both on the part of the Pages and the Cowleys, there was also evidence offered to that effect. This writer's opinion cannot conceive of any theory upon which the two cases can be consolidated and tried on their merits without mentioning public liability insurance, or an inference thereto, in favor of the Pages, because of the suit of the Cowleys against the insurance company under the "uninsured automobile coverage", unless they violate all the rules of procedure, the Insurance Code and the various decisions of all the courts. There are two separate suits and they cannot be tried at the same time.

Prior to the submission of the court's charge to the jury, the Cowleys and the insurance company that was defending under the public liability coverage excepted, in part, to the court's charge. The exceptions were overruled.

There were also objections made as to the order of oral argument of counsel to the jury by the Cowleys and the insurance company defending on their public liability coverage and they were overruled. The form of the argument by the trial court that was allowed in the consolidated cases was the Pages could open the argument, the argument would be answered by the attorney representing the insurance company in the suit for damages and personal injuries to the Pages under the public liability coverage. Then the trial court allowed the attorney for the Cowleys to make his opening argument for damages under the uninsured automobile coverage. He then al-lowed the lawyer for the insurance company to answer the argument on behalf of the insurance company on the uninsured automobile coverage. He then allowed the attorney for the Cowleys to close the argument on the uninsured automobile coverage. He then permitted the attorney for the Pages on the damages and personal injury suit to close the argument.

The special issues were answered on behalf of the Pages. Judgment was entered in their behalf for $181,940.00. A motion for judgment non obstante veredicto was filed by the insurance company and the Cowleys as to the public liability damages and personal injuries as recovered on behalf of the Pages; and a motion for new trial. The motions were overruled. The insurance company on the issue of damages and personal injuries and the Cowleys have perfected their appeal and filed a joint brief and rely upon the same points of error. They bring forward eight points of error.

By Point No. 1, the insurance company and the Cowleys say the trial court erred in permitting the Pages' attorney to inject the fact of liability insurance coverage of the Cowleys and the lack of insurance coverage on the part of the Pages during voir dire examination of the jury panel. The jury panel was told by counsel for the Pages, in effect, that his clients were uninsured and that the Cowleys were insured. This was done in a manner in an attempt to avoid the obvious objectionable and erroneous statements by counsel that there was, or was not, insurance in the case. Rojas v. Vuoculo, 1944, 1964, 142 Tex. 152, 177 S.W.2d 962; Dennis v. Hulse, Tex. 1962, 362 S.W.2d 308. During the course of the voir dire examination relative to the claim of the Pages against the Cowleys, the attorney for the Pages repeatedly apprised the jury panel that the Pages were uninsured and that the Cowleys were insured. He did so in the following manner:

"Mr. Wills: All right, good. You may wonder exactly how many lawyers got

tied into one matter, and I certainly don't blame you for wondering. The case is styled Porter Albert Page vs. Kenneth Cowley, Kenneth Cowley vs. State Farm Mutual, is the style, the whole style involved today, and this is the lawsuit which is styled the Pages are suing the Cowleys. It involves an automobile accident back in 1967, here in Bowie County, Texas. The Pages, folks I represent, are saying that the Cowleys caused the accident, and we are suing the Cowleys. Now that is the alignment, what it would be. Well, then you go to the other half of the title, and that is Kenneth Cowley vs. State Farm Mutual, and what has happened there is that the Cowleys, who, it is my anticipation, will claim that we were at fault, that we caused the accident, they didn't but that we caused it, the Cowleys are suing State Farm Mutual under their uninsured motorist provision that the Cowleys were carrying on their insurance.

Mr. Haltom: Your Honor, I have an objection to Mr. Wills going into voir dire on this, and I would like to make the objection there before the Bench, and I would like to have it recorded. We can do this now, or at a later time. I don't want to delay the voir dire. I represent Mr. and Mrs. Cowley, and I want to make this objection on their behalf at this time.

The Court: All right.

Mr. Haltom: Would the court like me to make it now or later on?

The Court: I believe you have already made it, by this * * *.

Mr. Haltom: Yes, sir, but I would like to make it in more detail at a later time, or now.

The Court: All right, the court will overrule your objection at this time,

and give you ample time to make it later, full and complete.

Mr. Haltom: That will be fine. If there is anything further along these lines, should I go into it, or have my objection run to all of it?

The Court: You can have your objection running to all of it, provided Mr. Wills doesn't specifically request your objection each time.

Mr. Haltom: Thank you, Your Honor, I'm sorry.

Mr. Wills: At this time I'm going to make sure that you understand it, but I'm not going to continue so that Jim has to get up and object continually. That would really just merely delay matters. But I want you to understand exactly the alignment of the parties in that we say the Cowleys caused it, so we sued the Cowleys. Now the Cowleys say that we caused the accident, and they sued their own insurance company under their uninsured motorist provision. That is the reason that you have the alignment you have. The Cowleys sued their own insurance, State Farm, under an uninsured motorist provision in their own insurance policy, is the reason you have the alignment that you have here in this lawsuit.

Mr. Haltom: Your Honor, I would like to make my objection now to all this at a later time.

The Court: Yes.

Mr. Haltom: Thank you, sir.

The Court: Overruled."

■■■ The two cases filed, one by the Pages against the Cowleys and one by the Cowleys against State Farm Mutual Automobile Insurance Company were in truth and in fact duly extraneous and were not

collateral. They should not have been consolidated for a trial on the merits. Another thing the trial court erred in not permitting the Cowleys to read their pleadings to the jury. Of course, this would have been erroneous in an attempt to try the two lawsuits in one case. Our Texas courts have consistently held that the general proposition that it's a reversible error to inject the matter of liability insurance into a case. Texas Company v. Betterton, Tex.Com. App., 1936, 126 Tex. 359, 88 S.W.2d 1039, opinion adopted by the Supreme Court. In another case where counsel told the jury panel "there is no insurance here" the court held the mention of insurance was improper. Gregory v. St. Louis Southwestern Railway Company, 1964, Tex.Civ.App., 377 S.W.2d 847 reversed on other grounds, Tex. 1965, 387 S.W.2d 27. The disclosure to the jury of the liability insurance on the part of the Pages is a reversible error. Atchison, Topeka & Santa Fe Railway Company v. Acosta, 1968, Tex.Civ.App., 435 S.W.2d 539, w. r., n. r. e. It was error for Pages' counsel to make an inference before the jury that the Cowleys carried liability insurance. Ulmer v. Mackey, Tex.Civ.App., 1951, 242 S.W.2d 679, w. r., n. r. e.; South Austin Drive-In Theatre v. Thomison, 1967, Tex. Civ.App., 412 S.W.2d 933 w. r., n. r. e. The point is sustained.

■ By their point 2, the insurance company and the Cowleys say the trial court erred in refusing to permit the Cowleys to read the pleadings to the jury. This point is awfully hard to discuss because the two cases should not have been consolidated for a trial on their merits in the first place. The Cowleys take the position that they had the right to read their pleadings to the jury on the contract whereby the insurance company insured them under the "insured automobile coverage" provision of the policy. It would have limited the proof only to that portion of the contract. We firmly believe that if the Cowleys had read their pleadings to the jury, it would have definitely inferred that they also had public liability insurance, which could not be mentioned or proved in the presence of the jury. Since this is the first case of this kind that has reached this court, we will only say that the consolidation of the two cases was an error in the first place. If the Cowleys were going to be permitted to try the cases together, they should have been allowed to read their pleadings. Therefore, the point is sustained.

By their third point, the insurance company and the Cowleys say the trial court erred in admitting prejudicial testimony that had already been ordered not to be admitted by a motion in limine. A State Highway Patrolman testified in the case that both Mr. and Mrs. Cowley advised him that they had been drinking. There is no evidence that he preferred any charges of any kind against anyone for being drunk in a public place and he did not sign a complaint against Mrs. Cowley for driving an automobile under the effects of alcoholic beverages. Of course the jury exonerated Mrs. Cowley in their answers to the special issues that she was not under the influence of intoxicating beverages. Although this special issue should probably not have been submitted, it might have had some effect on the jury in answering some of the other special issues. Since this case has to be retried, we will sustain that point of error.

By point 4, the insurance company and the Cowleys say the trial court erred in submitting special Issue No. 6 to the jury because said issue, as submitted, being a shade or phase of special Issue No. 1. Special Issue No. 1 inquired about Mrs. Cowley, the driver of the Cowley car, yielding the right of way. Special Issue No. 6, as submitted, inquired about Mrs. Cowley driving their motor vehicle onto the side of the road to be used for traffic coming in the different direction. They say the issues are so similar as to require the jury to assume that the court by submitting such issues, was impressed with the testimony concerning the same. Special Issue No. 1, as submitted by the court, reads as follows:

"Do you find from a preponderance of the evidence that Mrs. Bonnie Cowley

failed to yield the right-of-way to the car driven by Mrs. Rosemary Page at the time and on the occasion in question?

Answer 'she did' or 'she did not'.

ANSWER: She did.

"In connection with the foregoing special issue you are instructed that the 'right-of-way' means the privilege of the immediate use of the highway."

Special Issue No. 6, as submitted by the trial court and the answer of the jury thereto, reads as follows:

"Do you find from a preponderance of the evidence that Mrs. Bonnie Cowley drove her motor vehicle into the side of the road to be used for oncoming traffic?

Answer 'Yes' or 'No'.

ANSWER: Yes."

■ It seems that if Mrs. Cowley failed to yield the right-of-way, the trial court erred in submitting special Issue No. 6 which inquired whether or not Mrs. Cowley drove her motor vehicle into the side of the road to be used for oncoming traffic. The insurance company and the Cowleys contended that this was error and therefore a comment on the weight of the evidence by unduly emphasizing the Pages' theory of the case. They submit parts of the same theory to the jury which are objectionable. Claybrook v. Acreman, 1963, Tex.Civ.App., 373 S.W.2d 287, w. r., n. r. e. The point is sustained.

■ By point 5, the insurance company and the Cowleys say the trial court erred in submitting special Issues 11, 12, 13 and 14 because there was no evidence to support

their submission. These points of error relate to the drinking of intoxicating beverages by Mrs. Cowley. They should not have been submitted. The jury found that she had not been drinking so we will sustain these points of error.

■ By point 6, the insurance company and the Cowleys say the court erred in submitting special Issue No. 37B to the jury as to the future physical pain and mental anxiety of Wanda Page and Larry Page, minor children, because there was no evidence to support submission of such issues. We think this point is well taken. After carefully examining the statement of facts, we do not find any evidence that Wanda Page or Larry Page will suffer any future physical pain and mental anxiety is in the record. Hardin v. Eubank, 1952, Tex.Civ.App., 245 S.W.2d 554, w. r., n. r. e. Rule 301, Texas Rules of Civil Procedure. The point is sustained.

By point 7, the insurance company and the Cowleys say the trial court erred in commenting on the relative merits of the respective cases by abandoning the order of trial which the court had prescribed and required counsel to follow until the time of closing arguments. By point 8, the insurance company and the Cowleys say the trial court erred in failing to require the Pages to grant remittiturs on their recoveries. Since this case must be reversed and remanded for a new trial, it is not necessary for us to discuss the merits of the points. We will say this, the Pages should have been required to open the argument and the insurance company should have answered and then the Pages should have closed. Then, the other case should have been argued accordingly. Anyway, we will overrule these points of error.

The judgment of the trial court is reversed and the cause is remanded.