Bart H. HIMES et al., Petitioners,

v.

AMERICAN HOME FENCE COMPANY,
Respondent.

No. A-10036.

Supreme Court of Texas.

May 20, 1964.

Rehearing Denied June 17, 1964.

Brans & Berryman, Goldberg & Alexander, Robert N. Benson, Dallas, for petitioners.

W. B. Pope, Dallas, for respondent.

PER CURIAM.

This is a suit on a verified account. Summary judgment for the plaintiffs was rendered by the trial court. The Court of Civil Appeals reversed such judgment and remanded the cause for trial. 374 S.W.2d 777.

If the intermediate court held that there can never be a summary judgment in an action on a verified account where the defendant files a written denial under oath which meets the requirements of Rule 185, Texas Rules of Civil Procedure, we are not in agreement with that broad conclusion. It appears however, that the plaintiffs were awarded attorney's fees of $575.00 in addition to the amount of the account which is the basis of their suit. Aside from the unverified allegations of the petition regarding the claim for attorney's fees, the only "showing" made with respect to such claim is the affidavit of one plaintiff that demands had been made upon defendant for payment of the account, that more than thirty days had expired between the date of demand and the filing of the petition, that the plaintiffs had employed attorneys and agreed to pay them a fee of $575.00, and that "insofar as this Plaintiff is concerned, such amount is a fair and reasonable amount." This does not conclusively establish for purposes of the summary judgment that the amount which the plaintiffs agreed to pay their attorneys is reasonable. The affidavit fails to show that the affiant is qualified to express an opinion on such matters, and he did not even purport to say that the $575.00 is, in fact, reasonable under the circumstances. Cases

dealing with the fixing of attorney's fees by the trial judge when acting as the trier of fact have no application to a summary judgment proceeding.

Defendant's first point of error in the Court of Civil Appeals asserts that there is an issue of fact as to the reasonableness of the attorney's fees. In our opinion the point is well taken and requires that the judgment of the Court of Civil Appeals be affirmed even if it be conceded that the plaintiffs established their right to recover on the verified account. The application for writ of error is accordingly refused, no reversible error.