**O. L. NELMS, Appellant,**

v.

**Frank SHOTOLA, Appellee.**

**No. 16764.**

Court of Civil Appeals of Texas.

Dallas.

Oct. 7, 1966.

Brundidge, Fountain, Elliott & Churchill and Warren C. Lyon, Dallas, for appellant.

Nesbitt, Bentley & Walden and Clarence Bentley, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

Frank Shotola, a licensed real estate broker, brought this action against O. L. Nelms seeking a judgment to recover commission for the sale of real estate. Dallas Title & Guaranty Company was made a party defendant by virtue of its acting as escrow agent in the real estate transaction but this defendant was dismissed on motion of plaintiff.

In his unverified petition Shotola alleged that as a real estate broker and agent for Nelms he obtained a purchaser for a tract of land owned by Nelms which supported his claim for the recovery of real estate commissions of two and one-half per cent of the total sale price, all of which being evidenced by written contract attached to the petition. The contract, a standard sales agreement, was executed by O. L. Nelms as seller, Frank A. Shotola, as agent for seller, and W. B. Dunaway as purchaser. The contract provided that purchaser was to buy the described real estate at the rate of 35 cents per square foot. It further provided that:

"Seller agrees to pay the undersigned duly authorized agent a commission of two-and-one-half per cent (2½%) of the total sale price in cash for negotiating this sale."

As a part of the "SPECIAL CONDITIONS" of the contract it was provided:

"In addition to the above price of thirty-five cents (35¢) per square foot, Purchaser agrees to pay to O. L. Nelms his cost of constructing the two buildings now located on the property, cost estimated to be approximately fifteen thousand dollars ($15,000). 27,000.00."

The petition stated that the sales price of the land was $212,872.65 and that Shotola's commission should have been $5,321.82. He alleged that Nelms paid him the sum of $4,681.76 as part of his commission, leaving a balance due of $640.06, representing two and one-half per cent of $25,602.49. Shotola also sued for reasonable attorney's fees in the sum of $300.

Nelms filed a general denial followed by motion for summary judgment based upon the contention that there had not been a compliance with the terms of Art. 6573a, Sec. 28, Vernon's Ann.Civ.St. of Texas, providing that an action to recover commission for the sale of real estate must be based upon a written agreement between the parties. Nelms supported his motion for summary judgment with an affidavit in which he stated that he had never entered into a written listing agreement with Shotola promising to pay him a commission.

Shotola filed his motion for summary judgment, based on the pleadings and his attached affidavit in which he stated that Nelms signed a written agreement, attached to plaintiff's petition and being a sales contract providing for the payment of real estate commissions.

By First Amended Original Answer Nelms alleged that pursuant to the "SPECIAL CONDITIONS" referred to above in the sales contract it was not the intent of the parties that Shotola would be paid a commission relating to the improvements situated on the real estate but was to be paid only for a sale of the real estate.

The trial court overruled the motion for summary judgment filed by Nelms and sustained the motion for summary judgment

of Shotola. Judgment was rendered in favor of Shotola against Nelms in the sum of $640.06 representing commissions due under the contract and also the sum of $200 as reasonable attorney's fees incurred, making a total judgment of $840.06. From that judgment Nelms appeals.

By his first point of error appellant contends that the trial court erred in refusing to sustain his motion for summary judgment because the record is undisputed that prior to the execution of the sales contract relied upon by appellee the parties had entered into oral negotiations and that such oral agreement was insufficient, as a matter of law, to comply with Art. 6573a, Sec. 28, V.A.C.S. This article provides:

"No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunder lawfully authorized."

The substance of appellant's contention is that the statute requires a written contract listing the real estate for sale with the broker and that a subsequent written contract, even though specific in its terms relating to the payment of commissions, is not sufficient. We cannot agree with appellant. The contract of sale is not denied by appellant. It is explicit in its terms relating to the payment of a two and one-half per cent commission to Shotola. While appellant makes a statement in his brief that there was a prior oral agreement between Nelms and Shotola, we find no evidence in the record to support such statement. Appellant does not plead an oral agreement nor is there any statement in appellant's affidavit which would support the statement relating to prior oral agreement. The only agreement we find in the record is the written sales contract duly executed by the parties and acknowledged by appellant to be valid in that he has paid appellee a substantial part of the commissions provided for therein. Appellant's only contest is to the payment of the remaining portion of the sales commission referred to in the second part of the contract.

We think appellant's contention has been completely answered by the Fort Worth Court of Civil Appeals in McConnell v. Columbia Co., Tex.Civ.App., 326 S.W.2d 20, wr. ref. n. r. e., which involved a similar contention. The court, in overruling the point, said:

"The writing required by Sec. 28 [Art. 6573a, V.A.C.S.] is sufficient so long as the entire contract may be established therefrom even though it was made subsequent to an oral agreement. Air Conditioning, Inc. v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422. The agreement, however, must state the name of the broker to whom the commission is to be paid. Watson v. Brazelton, Tex. Civ.App., 176 S.W.2d 216. It must promise that a definite commission will be paid or must refer to a written commission schedule. Buratti & Montandon v. Tennant, supra. It must be signed by the person to be charged with the commission, and it must identify or provide a means of identifying the property intended to be conveyed. Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222; Tidwell v. Cheshier, 153 Tex. 194, 265 S.W.2d 568. The writing either in itself, or by reference to some other existing writing, must identify with reasonable certainty the land to be conveyed. Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150."

The same situation was presented to the Waco Court of Civil Appeals in Bridwell v. Sandefur, Tex.Civ.App., 341 S.W.2d 710, wr. dism., in which the court said:

"As we understand appellant's position, it is to the effect that when the plaintiffs began their work of trying to find a purchaser for seller's property, they were doing so under the terms of an oral contract, and that by reason thereof they had

not complied with the foregoing statute here cited. [Art. 6573a, Sec. 28, V.A.C.S.] We think there is no merit in this contention because the record is without dispute that the plaintiffs were duly licensed real estate agents, and that when they were ready to bring the seller and the purchaser together, they provided in the contract of sale that the seller was to pay them a commission of 5%. We think that agreement written into the contract of purchase and sale, is sufficient, and complies with the provisions of the statute."

In our opinion the contract of sale in this case is sufficient in every detail to meet the requirements of the statute under consideration and for that reason the trial court correctly overruled Nelms' motion for summary judgment.

■ By his second point of error appellant complains of the action of the trial court in granting judgment against him in the sum of $640.06 for the reason that the amount of such judgment is not supported by the record. Appellant admits that he paid appellee commissions totaling $4,681.76 which, he contends, represents two and a half per cent of the sales price of the unimproved land sold. The amount of the judgment, $640.06, was apparently based upon two and one-half per cent of the sum of $25,602.49 which appellant contends was the price of the improvements situated on the property in question. That part of the contract relating to commissions for the sale of the improvements on the premises is found in the "SPECIAL CONDITIONS" provision which provides:

"In addition to the above price of thirty-five cents per square foot, purchaser agrees to pay to O. L. Nelms his cost of construction of the two buildings now located on the property, cost estimated to be approximately Fifteen Thousand and no/100 ($~~15,000.00~~) Dollars. $27,000.00."

Thus it is apparent that the only two figures mentioned in the contract are the sum of $15,000 and $27,000. There is nothing in the affidavit in support of the summary judgment which would reveal any light on the question as to how the amount of $25,602.49 has been determined. Such amount is not mentioned in the contract itself. We therefore find no basis in this record for the amount of the court's judgment awarded appellee. Hardin et al. v. Eubank, et al., Tex.Civ.App., 245 S.W.2d 554. Appellant's second point is sustained.

■ The only point in controversy between the parties relating to the amount of commissions to be paid to Shotola is whether he was to be paid the two and a half per cent of the amount of the improvements on the property, whether the same be $15,000 or $27,000, or "cost estimated to be approximately" such amount. Therefore, it is obvious from the face of this record that an issue of fact is presented as to the determination of the actual cost of such improvements. We think that when the contract is construed as a whole it is unambiguous and provides that appellee is to receive a two and one-half per cent commission on the total sale price of the property. However, assuming such to be the case, it must be borne in mind that this is a summary judgment action and that any issue of fact presented would preclude the granting of such summary judgment. Any doubt as to the existence of an issue of fact must be resolved in favor of appellant. Since there are no affidavits or other extrinsic evidence which would establish, as a matter of law, the amounts of such improvements from which the two and one-half per cent commission could be computed, an issue of fact is presented and therefore the trial court was in error in granting summary judgment. Appellant's third point is sustained.

■ By his fourth and final point appellant argues that the court erred as a mat-

ter of law in granting summary judgment for attorney's fees since there was no evidence to support such award. The trial court rendered judgment for $200 attorney's fees. No affidavits or other extrinsic evidence was presented in this record to support such finding. This being a summary judgment proceeding we must sustain appellant's point. The question was definitely settled by our Supreme Court in Himes v. American Home Fence Co., 379 S.W.2d 290, in which the court said:

"It appears however, that the plaintiffs were awarded attorney's fees of $575.00 in addition to the amount of the account which is the basis of their suit. Aside from the unverified allegations of the petition regarding the claim for attorney's fees, the only 'showing' made with respect to such claim is the affidavit of one plaintiff that demands had been made upon defendant for payment of the account, that more than thirty days had expired between the date of demand and the filing of the petition, that the plaintiffs had employed attorneys and agreed to pay them a fee of $575.00, and that 'insofar as this Plaintiff is concerned, such amount is a fair and reasonable amount.' This does not conclusively establish for purposes of the summary judgment that the amount which the plaintiffs agreed to pay their attorneys is reasonable. The affidavit fails to show that the affiant is qualified to express an opinion on such matters, and he did not even purport to say that the $575.00 is, in fact, reasonable under the circumstances. Cases dealing with the fixing of attorney's fees by the trial judge when acting as the trier of fact have no application to a summary judgment proceeding."

The judgment of the trial court is reversed and remanded.

Reversed and remanded.