Brad DUNCAN, Individually and d/b/a
Gamboa Cay, Appellant,

v.

BUTTEROWE, INC., Appellee.

No. 557.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Dec. 15, 1971.

———◆———

T. D. Smith, Houston, for appellant.

Elmo Schwab, Jr., Barker, Lain, Smith &
Schwab, Galveston, for appellee.

BARRON, Justice.

This is a suit on a sworn account filed
by plaintiff, Butterowe, Inc., against Brad
Duncan, individually and d/b/a Gamboa
Cay, defendant in the amount of $1,491.55
plus an additional sum of $500.00 as attor-
ney's fees. Suit was filed by plaintiff on
December 3, 1970, and defendant's answer
was filed March 25, 1971. The plaintiff
moved for summary judgment, and on
June 8, 1971, after due notice, the trial

court granted plaintiff's said motion and rendered judgment in favor of plaintiff for the above sums. Brad Duncan, individually and d/b/a Gamboa Cay, has appealed to this Court as appellant.

The petition and itemized exhibits of Butterowe, Inc., the appellee, were duly and properly verified as directed or required by Rule 185, Texas Rules of Civil Procedure. Appellant's answer contained the following:

> "The defendant specifically denies under oath as required by Rule 185, Texas Rules of Civil Procedure, that the itemized verified account attached to Plaintiff's Original Petition is just or true, in whole or in part."

An affidavit signed and sworn to by Brad Duncan stated that all of the allegations of fact in his foregoing answer contained were known to the affiant to be true.

Thus, the requirements of Rules 185 and 93(k), T.R.C.P., as amended by the Supreme Court's order of July 21, 1970, effective January 1, 1971, come into play. The above rules, as amended, are applicable here. See Rule 814, T.R.C.P.; Church v. Crites, 370 S.W.2d 419 (Tex.Civ.App.— San Antonio 1963, writ ref'd n. r. e.).

■ It is clear that when a suit is filed upon a verified open account in accordance with Rule 185, T.R.C.P., as in this case, the defendant-appellant must file a verified answer in accordance with Rules 185 and 93(k), and when appellant fails to file such an affidavit in proper form, he shall not be permitted to deny the appellee's claim or any item therein. Collins v. Kent-Coffey Manufacturing Company, 380 S.W.2d 59 (Tex.Civ.App.—Eastland 1964, writ ref'd). As above indicated, the requirements of Rule 185 have been altered since January 1, 1971. Prior to the latter date the party resisting the claim was required to file a written denial, under oath, "stating that such claim is not just or true, in whole or in part, and if in part only, stating the items and particulars which are unjust; . . . When the opposite party fails

to file such affidavit, he shall not be permitted to deny the claim, or any item therein, as the case may be." We believe that appellant's verified answer would have been sufficient under the unamended Rules 185 and 93(k).

■ However, Rules 185 and 93(k) were amended effective January 1, 1971, and we must accord such amendments some substantial meaning. Under present Rule 185, appellant must file a written denial, under oath, "stating that *each and every item* is not just or true, or that some specified item or items are not just and true; . . ." Courts have been extremely exacting in the nature of the language used in sworn denials of verified accounts. While it has been stated that no particular form of affidavit is required by Rule 185, there must be a denial of the account in the *language* stated in Rule 185. See Stephens v. Lott, 339 S.W.2d 405, 407 (Tex.Civ.App.—San Antonio 1960, no writ); Akins v. Coffee, 376 S.W.2d 953, 954 (Tex.Civ.App.—Dallas 1964, writ dism'd); Glasco v. Frazer, 225 S.W.2d 633, 635 (Tex.Civ.App.—Dallas 1949, writ dism'd). While this and the above decisions may appear to be based upon strict and technical reasoning, it is to us apparent that one reason for the change in the wording of the sworn pleading required of a person undertaking to contest a suit on a sworn account is to avoid the precise situation which confronted the trial court in the present case. The supplier, plaintiff, sued to recover what it is allegedly owed and what its systematically kept records show to be owed, and the contestant by simply in effect, swearing to a general denial attempted to defeat summary disposition of the case without disclosing how, or in what respect, he takes issue with the sworn account. The appellant in the instant case had paid $175.00 on the account, thus making it almost impossible to deny that the entire account was just or true. The account filed by appellee was set out in careful detail. The appellant did not, in the language required by the rule, deny that

*each and every item* was just or true. Nor did he indicate that some specified item or items were not just and true. We hold that the required sworn denial must effectively comply with the language of Rule 185, T.R.C.P.

By his second and third points of error appellant contends that the award of attorney's fees by the trial court in the amount of $500.00 is error because the judgment in favor of appellee is invalid, and because there was no evidence of the reasonableness of such fee. Effective May 17, 1971, Art. 2226, Vernon's Ann.Tex.St. was amended partly to include the following:

" . . . The amount prescribed in the current State Bar Minimum Fee Schedule shall be *prima facie evidence* of reasonable attorney's fees. The court, in non-jury cases, may take judicial knowledge of such schedule and of the contents of the case file in determining the amount of attorney's fees without the necessity of hearing further evidence." (Emphasis added.)

■ Prima facie evidence is evidence that, until its effect is overcome by other evidence, will suffice as proof of a fact in issue. In other words, a prima facie case is one that will entitle a party to recover if no evidence to the contrary is offered by the opposite party. See Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 136 S. W.2d 207, 209 (Tex.Com.App.1940, opinion adopted); 24 Tex.Jur.2d Evidence, Sec. 726 (1961). The burden of proof in a summary judgment case is on the movant, the appellee here. The Supreme Court has held that a summary judgment should be granted only if the summary judgment record establishes a right thereto as a matter of law. Harrington v. Young Men's Christian Ass'n of Houston, 452 S.W.2d 423, 424 (Tex.Sup.1970). Under this record we cannot say that the right to a $500.00 attorney's fee was established as a matter of law. The appellee neither showed it to be so nor did the appellant have any effective means of proving his position in this summary judgment case. We hold that amended Art. 2226, V.A.T.S. requires that the trial court consider prima facie evidence of reasonable attorney's fees, and therefore appellee has not satisfied the summary judgment rule in this respect under the circumstances.

The judgment of the trial court is affirmed in part. The portion of the judgment awarding attorney's fees is severed, and the latter portion of the judgment is reversed and remanded to the trial court.