**SUPERIOR STATIONERS CORPORATION, aka and dba Superior Stationery Corporation, Appellant,**

v.

**BEROL CORPORATION, dba Blaisdell/All-Rite, a Division, Appellee.**

**No. 15925.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 29, 1972.

Rehearing Denied Aug. 31, 1972.

Harold Lloyd, Houston, for appellant.

Lapin, Totz & Mayer, William A. Petersen, Jr., Houston, for appellee.

PEDEN, Justice.

Defendant appeals from the granting of a summary judgment in favor of plaintiff in a suit on a sworn account.

Defendant's first point of error is that the trial court erred in granting summary judgment because the plaintiff's proof regarding attorney's fees was insufficient to support a summary judgment.

We sustain this point of error in part.

Plaintiff's suit was brought on a sworn account to recover $2,863.49 plus interest and reasonable attorney's fees. Its petition was in due form, and attached to it was an itemized, sworn account of the goods allegedly sold and delivered. The affidavit accompanying the petition and account complies with the provisions of Rule 185, Tex-

as Rules of Civil Procedure, so as to make the account prima facie evidence of the claim.

The plaintiff attached to its motion for summary judgment an affidavit containing the following:

"BEFORE ME, the undersigned authority, on this day, personally appeared the undersigned Affiant, who, being first duly sworn, did depose and say as follows:

"I, the Affiant, am the attorney for the Plaintiff in the above numbered and captioned cause now pending in said Court. I am duly licensed to practice law in the Courts of the State of Texas and am familiar with the fees customarily charged by the practicing attorneys in Houston, Harris County, Texas. The sum of $900.00 is a reasonable and customary fee for investigating the above captioned cause, attempting to secure collection of the indebtedness forming the basis thereof by amicable means, preparing and filing the petition in said cause, filing a Motion for Summary Judgment therein and appearing in Court to argue the same, and further work that will reasonably be expected to be performed in order to effectuate the collection of this judgment."

In granting the plaintiff's motion for summary judgment, the trial court awarded the plaintiff, as a reasonable attorney's fee, the $900 specified in its affidavit.

None of the answers or affidavits filed by the defendant directly refers to the matter of attorney's fees.

Plaintiff relies on the amendment to Art. 2226, Vernon's Civil Statutes, effective May 17, 1971, which provides: " . . . The amount prescribed in the current State Bar Minimum Fee Schedule shall be prima facie evidence of reasonable attorney's fees. The court, in non-jury cases, may take judicial knowledge of such schedule and of the contents of the case file in determining the amount of attorney's fees without the necessity of hearing further evidence."

Prior to the 1971 amendment of Art. 2226, the evidence that the attorney's fee was reasonable, as set out in the plaintiff's affidavit, was only opinion evidence, and even though it was not controverted, it would not have established the fact as a matter of law, so it would not have supported summary judgment. Gibbs v. General Motor Corp., 450 S.W.2d 827 (Tex. 1970).

■ What is the effect of the "prima facie evidence" provision in the 1971 amendment to Article 2226 as applied to summary judgment proceedings? Prima facie evidence suffices for proof of a particular fact until contradicted and overcome by other evidence. Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 136 S. W.2d 207 (1940).

"When a motion for summary judgment is supported by affidavits, depositions, stipulations or other extrinsic evidence sufficient on its face to establish facts, which, if proven at the trial, would entitle the movant to an instructed verdict, the opponent must show opposing evidentiary data which will raise an issue as to a material fact, or must justify his inability to do so and seek appropriate relief under subdivision (f) of Rule 166–A." Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, 500 (1958).

■ We hold that under the record in our case the trial judge was entitled to conclude that the prima facie evidence of reasonable attorney's fees presented by the plaintiff-appellee was, in the absence of opposing evidentiary data (and the fact that the defendant did not seek relief under subdivision (f) of Rule 166–A), sufficient to entitle the plaintiff to a summary judgment as to attorney's fees. The amendment to Art. 2226, like the "prima

facie evidence" provision in Rule 185, Texas Rules of Civil Procedure, is not a substantive rule, but is one of procedure with regard to evidence necessary to establish a prima facie right of recovery.

As to the amount of the fee awarded by the trial court, the appellee has shown that the current State Bar Minimum Fee schedule provides with respect to commercial collections:

"Contingent Fee based on the amount collected or realized:

With or without the filing of a suit and irrespective of whether there is a trial . . . Minimum 33⅓%

If an appeal is perfected from the judgment of the trial court . . . Minimum 40%

"Non-Contingent Fee based on the amount involved:

With or without the filing of a suit and irrespective of whether there is a trial . . . Minimum 16⅔%

If an appeal is perfected from the judgment of the trial court . . . Minimum 20%"

---

The fee of $900 fixed by the trial court is large enough to protect the prevailing party now that there has been an appeal. The trial judge may choose to allow a fee large enough to cover the possibility of an appeal. International Security Life Insurance Co. v. Spray, 468 S.W.2d 347 (Tex.1971). However, it exceeds 20% of the amount involved, so it does not conform to the Minimum Fee Schedule unless the attorney's representation was undertaken on a contingent basis, and the record is silent as to this necessary item of proof. Audiomedia, Inc. v. Rollins Outdoor Advertising, Inc., 477 S.W.2d 370 (Tex.Civ. App.1972, no writ).

We hold that under the record in our case the plaintiff only showed that it was entitled to 20% of the amount involved, or $572.70, and that the trial court's award was excessive by $327.30, so that amount of the judgment should be remitted.

The affidavit filed by appellee's attorney stating that $900 is a reasonable fee for the services involved includes as its last item: "further work that will reasonably be expected to be performed in order to effectuate the collection of this judgment." Art. 2226 does not provide for a

fee for collection of a judgment, and this court lacks jurisdiction to determine what part, if any, of the trial court's award of $900. was based on the quoted item, but State Bar Minimum Fee Schedule suggests a fee in the amount which we have approved in this case and we hold that the quoted item does not prevent recovery of a fee suggested by the Schedule.

We overrule the appellant's second point of error, which asserts that the trial court erred in granting summary judgment because a genuine issue as to a material fact existed in that the defendant had filed affidavits in support of its plea regarding the return of the goods which were sufficient to raise a fact issue.

The "affidavits" in question show that following the signature of each of the persons making them, there appeared an acknowledgment, not a jurat. For the purposes of summary judgment under Rule 166–A(e), the instruments were not affidavits. Perkins v. Crittenden, 462 S.W.2d 565 (Tex.1970). Affidavits in proper form filed with a motion for new trial, some two weeks after entry of the judgment, came too late. The trial court is charged with the duty only of considering

the record as it appears before the court when the motion for summary judgment is heard. Rule 166–A, T.R.C.P.; Oaxaca v. Lowman, 297 S.W.2d 729 (Tex.Civ.App. 1956, writ ref. n. r. e.); Meyer v. Texas National Bank of Commerce of Houston, 412 S.W.2d 957 (Tex.Civ.App.1967, reversed on other grounds, 424 S.W.2d 417 (Tex.)).

■ Defendant's answer denying the justness of the account was verified by an affiant only "to the best of his knowledge that the matters and facts set forth in the foregoing instrument are true and correct." This is not a sufficient denial under Rule 185. Guay v. Schneider, Bernet & Hickman, Inc., 341 S.W.2d 461 (Tex.Civ.App. 1960, this holding expressly approved at 161 Tex. 560, 344 S.W.2d 429).

We affirm the judgment of the trial court conditioned on the filing by the appellee of a remittitur in the amount of $327.30 by July 10, 1972; otherwise, the judgment will be reversed and remanded.

### Supplemental Opinion on Filing of Remittitur

On June 29, 1972, we indicated by an opinion in writing that if appellee would file a remittitur of $327.30 by July 10, 1972, the judgment of the trial court will be reformed and as reformed would be affirmed; and that otherwise the judgment of the trial court would be reversed and the cause remanded. Appellee has filed the suggested remittitur of $327.30.

Accordingly, as of this date the judgment of the trial court is reformed by deducting the amount of $327.30 from the judgment recovered by appellee, and, as so reformed, is affirmed.

Half of the costs of the present appeal will be taxed against appellee Berol Corporation, DBA Blaisdell/All-Rite, A Division, and half against appellant Superior Stationers Corporation, AKA and DBA Superior Stationery Corporation.