**INSURANCE COMPANY OF NORTH AMERICA, Appellant,**

v.

**Juan M. ESCALANTE, Appellee.**

**No. 15078.**

Court of Civil Appeals of Texas, San Antonio.

July 26, 1972.

Rehearing Denied Sept. 13, 1972.

Wiley, Plunkett, Gibson & Allen, Lewin Plunkett, San Antonio, for appellant.

Rice & Seely, Claxton B. Seely, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant, hereinafter referred to as carrier, appeals from a summary judgment in the amount of $950.00 awarded appellee in his suit for enforcement of a compromise settlement agreement which had been approved by the Industrial Accident Board and for penalty interest and attorney's fees as authorized by Article 8307, Section 5a., Vernon's Annotated Civil Statutes. Appellee, hereinafter referred to as employee, sought the agreed compensation of $400.00, plus $48.00 for penalty interest and reasonable attorney's fees of $502.00.

The motion for summary judgment was based on the pleadings and the affidavit of

Claxton B. Seely, Esq., the attorney for employee. Carrier and employee entered into a compromise settlement agreement which was approved by the Board on August 26, 1971, whereby employee settled his claim for compensation for the sum of $400.00. The order of the Board approving said compromise settlement agreement provides in part: "Carrier is given 20 days to make or tender payment without incurring liability for penalty suit."

The affidavit of Mr. Seely avers that, after twenty days elapsed, he talked to carrier's agents on four occasions. On each occasion, he was promised that they would look into the matter and see about getting the draft to him. This suit was filed on October 11, 1971, and as of October 29, 1971, said compensation had still not been received. A reply affidavit was filed by one of carrier's agents who stated that on August 27, 1971, carrier issued a draft to employee and his attorney. He did not state that draft was mailed or delivered to either party and did not deny the repeated, but unsuccessful, demands of employee's attorney or offer any explanation for the failure to deliver the draft.

■ Carrier urges, under its first assignment of error, that a fact issue is raised under these affidavits that the delay incident to payment of said $400.00 was justified. The basis for this justification is carrier's pleading that it is the practice and custom in personal injury litigation in Bexar County to accept drafts as payment. This defense must fail in the absence of evidence that the draft was mailed or delivered. Carrier's obligation was to make or tender payment within twenty days.

Mere preparation of the draft is not tender or payment. The first point is overruled.

■ Under the second point, it is asserted that a compromise settlement agreement is not the type of final order, ruling or decision referred to in Article 8307, Section 5a., supra.[1] It is recognized that compromise settlement agreements are provided for in Article 8307, Section 12, and are not a part of Section 5. Furthermore, it is settled that the Board's approval of a compromise agreement is not an award of compensation, nor is it an order denying compensation. See Pearce v. Texas Employers Insurance Association, 412 S.W.2d 647 (Tex.1967); Commercial Casualty Ins. Co. v. Hilton, 87 S.W.2d 1081 (Tex.Com. App.1935, opinion adopted); Angelina Casualty Company v. Bennett, 415 S.W.2d 271 (Tex.Civ.App.—Houston 1967, no writ); Cordova v. Associated Employers Lloyds, 250 S.W.2d 945 (Tex.Civ.App.—Fort Worth 1952, writ ref'd).

In Pacific Employers Insurance Co. v. Brannon, 150 Tex. 441, 242 S.W.2d 185, 189 (1951), the Supreme Court considered the effect of the Board rule here under inquiry which reads as follows: " 'When the Board enters an order approving a compromise settlement agreement, under the provisions of Section 12 of Article 8307, the insurance carrier shall have twenty (20) days from and after the date of such approval of such compromise settlement agreement in which to pay, or tender such payment to such employee, the amount of such compromise agreement.' " This rule was construed as showing: "(a) the present practice [since 1944] of making a final approval order upon the executory

---

1. This statute provides in part: "In all cases where the board shall make a final order, ruling or decision as provided in the preceding section and against the association, and the association shall fail and refuse to obey or comply with the same and shall fail or refuse to bring suit to set the same aside as in said section is provided, then in that event, the claimant in addition to the rights and remedies given him and the board in said

section may bring suit where the injury occurred, upon said order, ruling or decision. If he secures a judgment sustaining such order, ruling or decision in whole or in part, he shall also be entitled to recover the further sum of twelve per cent as damages upon the amount of compensation so recovered in said judgment, together with a reasonable attorney's fee for the prosecution and collection of such claim."

settlement and (b) the Board's view that its order of approval has the immediate effect of substituting the settlement for the original cause of action, so as to render the insurance carrier forthwith indebted to the claimant in the agreed amount and therefore likely to incur the statutory penalties for delay in payment, but for the 20 day indulgence, which the rule accordingly grants." It was determined that this long standing administrative construction should be upheld by the Court. Accordingly, it was held that the compromise settlement agreement upon approval by the Board became a valid accord, which superseded the original claim and was in the fullest sense a settlement, subject only to judicial cancellation for fraud or other equitable grounds.

Under this holding, upon the Board's approval of the compromise settlement agreement entered into between employee and carrier, the carrier became bound to make or tender payment of the $400.00 within 20 days or to incur the liability of a penalty suit. The trial court properly permitted employee to assert a cause of action under the provisions of Article 8307, Section 5a., supra.

Under its final point, carrier asserts that a material issue of fact is raised as to what is a reasonable attorney's fee in this case, and that the trial court erred in granting summary judgment for same. It is seen that there is no summary judgment proof whatsoever as to the reasonableness of the attorney's fees sought and recovered, nor is there any proof as to the nature of such services. In Great American Reserve Insurance Co. v. Britton, 406 S.W.2d 901 (Tex.1966), it was held that the reasonableness of attorney's fees in an insurance case is a question of fact, and that the trial judge may not adjudicate reasonableness on judicial knowledge and without the benefit of evidence. See also: Himes v. American Home Fence Company, 379 S.W.2d 290 (Tex.1964). We sustain carrier's third point.

We have held that carrier is liable for the sum of $400.00 approved by the Board in the compromise settlement agreement together with 12 per cent penalty interest. Employee is also entitled to recover attorney's fees in some amount upon proper proof. General Accident Fire and Life Assurance Corp. v. Hames, 416 S.W.2d 894 (Tex.Civ.App.—Dallas, 1967, no writ). The claim for attorney's fees is a severable claim, and under Rule 434, Texas Rules of Civil Procedure, we are authorized to sever this claim and reverse the judgment as to it only. Accordingly, we sever and remand the claim for reasonable attorney's fees. The remainder of the judgment is affirmed. The costs are taxed one-half to each party.