**Russell LEHRMAN, Appellant,**

v.

**James WITTICH, d/b/a Minnesota Daily, Appellee.**

**No. 15990.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 2, 1972.

No brief filed for appellant.

William A. Petersen, Jr., Houston, for appellee; Lapin, Totz & Mayer, Houston, of counsel.

COLEMAN, Justice.

This is an appeal from a summary judgment rendered in a suit on a sworn account. The judgment allowed full recovery plus the sum of $150.00 as an attorney's fee.

Appellant filed his transcript in this court on June 2, 1972. On June 8, 1972, appellee filed a remittitur of the $150.00 allowed as an attorney's fee. On July 20, 1972, appellant filed a document accepting appellee's remittitur and asking this court to dismiss the appeal subject to the remittitur. On August 24, 1972, appellee filed a motion to amend the remittitur whereby $100.00 would be allowed as an attorney's fee on authority of Superior Stationers Corporation v. Berol Corporation, 483 S.W.2d 857 (Tex.Civ.App.—Houston, 1st, 1972). Appellant objects to the amendment of the remittitur. On September 14, 1972, the case was set for oral argument on October 26, 1972.

Rule 414, Texas Rules of Civil Procedure requires that appellant file his brief within thirty days after the filing of the transcript in this court. The brief was overdue when appellant accepted the remittitur and requested that the appeal be dismissed. However appellant was not precluded from filing his brief by reason of a reliance on the remittitur since this court has the power to permit the brief to be filed late. Hoke v. Poser, 384 S.W.2d 335 (Tex.1964).

The case had not been set down for hearing on the date the motion to amend the remittitur was filed. Appellant has filed no motion for an extension of time within which to file a brief on the merits of his appeal, and has filed no such brief.

There is no rule concerning the withdrawal or amendment of releases filed in the Court of Civil Appeals as authorized by Rule 439, T.R.C.P. We consider that the allowance of such action is a matter of discretion with the Court. The record does not compel a finding that appellant failed to file his briefs by reason of a reliance on the proffered remittitur.

The court will permit the amendment of the remittitur. The judgment of

the trial court is revised by reducing the award of attorney's fee to the sum of One Hundred ($100.00) Dollars. As modified the judgment is affirmed. The costs of court on appeal are adjudged against appellant.

Modified and affirmed.