Claude C. COWARD et al., Appellants,

v.

GATEWAY NATIONAL BANK OF BEAUMONT, Appellee.

No. 7595.

Court of Civil Appeals of Texas, Beaumont.

Aug. 29, 1974.

Rehearing Denied Oct. 17, 1974.

**130**

G. I. Low, c/o Orgain, Bell & Tucker, Gordon R. Pate, Beaumont, for appellants.

Pat T. Peyton, Jr., Philip Dunlap, Beaumont, for appellee.

STEPHENSON, Justice.

This is an appeal from an order of the trial court granting plaintiff's motion for summary judgment. The only point of error complains of such action because such judgment included an attorney's fee about which it is claimed that there is a genuine issue of fact.

Plaintiff, Gateway National Bank, filed suit against Claude C. Coward and Daniel Dan Spell, as partners, and doing business as Chrysler Marine of Beaumont, on four promissory notes. Copies of the notes

were attached to the petition, and plaintiff's attorney swore they were true copies of the originals. An amended petition was filed alleging that the notes provided for reasonable attorney's fees and praying for a fee of $2,000.00. The copies of the notes and an affidavit were attached in which the attorney also swore that plaintiff was the present owner and holder of the notes. Plaintiff then filed its motion for summary judgment together with an affidavit in which it is stated that $2,000.00 is a reasonable attorney's fee in this case. Such motion was granted and judgment rendered that plaintiff have judgment against defendants in the total sum of $11,760.75 and attorney's fee of $2,000.00. The parties will be referred to here as they were in the trial court.

Article 2226, Vernon's Ann.Civ.St., as amended in 1971, now provides the following, in part:

"The amount prescribed in the current State Bar Minimum Fee Schedule shall be prima facie evidence of reasonable attorney's fees. The court, in nonjury cases, may take judicial knowledge of such schedule and of the contents of the case file in determining the amount of attorney's fees without the necessity of hearing further evidence."

■ We follow Superior Stationers Corp. v. Berol Corporation, 483 S.W.2d 857, 859 (Tex.Civ.App., Houston—1st Dist., 1972, no writ), in holding that the record in the case before us supports the awarding of an attorney's fee. Under Article 2226, V.A.C.S., the current State Bar Minimum Fee Schedule is prima facie evidence of the reasonableness of attorney's fees, and in the absence of opposing evidentiary data the trial court was authorized to allow a reasonable attorney's fee. Defendant did not place in issue the question of the reasonableness of the attorney's fees. See Fisher v. Howard, 389 S.W.2d 482, 488 (Tex.Civ.App., Dallas, 1965, no writ), invoking the rule set out in Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948, 951

(1960), that if the maker of the note expected to defeat the motion for summary judgment by showing an issue of fact on the question of reasonableness of attorney's fees, it was incumbent upon him to come forward with evidence sufficient to raise that question.

■ The Minimum Fee Schedule of the State Bar of Texas, of April 1968, shows the contingent fee to be 33⅓ percent, and non-contingent fee to be 16⅔ percent, each as a minimum. Our record is silent as to whether the fee in our case is contingent or non-contingent; therefore, we apply the lesser percentage of the two. The recovery in this case is $39.88 in excess of such minimum fee.

If within ten days plaintiff will remit the sum of $39.88, the judgment will be reformed and affirmed; otherwise, it will be reversed and remanded.

The judgment is affirmed, conditionally.

*On Motion for Rehearing*

In the note, defendant agreed to pay a reasonable attorney's fee in the event of default. Art. 2226, V.A.C.S., as amended says the amount prescribed in the State Bar Minimum Fee Schedule shall be prima facie evidence of a *reasonable* attorney's fee. It also says in non-jury cases the court may take judicial knowledge of such schedule and of the contents of the case file in determining the *amount* of the attorney's fees without the necessity of hearing further evidence.

■ The plain language of this amended statute covers both the *amount* and the *reasonableness* of the attorney's fees and says the court does not have to hear *any further evidence*. No court in Texas, in any case we have found, in construing this amendment to Art. 2226 has come to the conclusion that a summary judgment case is not a "non-jury" case in the sense used in such statute. We do not believe such a construction would be logical as the stated purpose of Rule 166–A,

Texas Rules of Civil Procedure, is to provide a means by which causes of actions or defenses thereto with no real merit are eliminated without the necessity and cost of judicial time required by long drawn-out trial. The obvious purpose of Art. 2226 is to make it possible for a litigant to recover an attorney's fee in a summary judgment proceeding.

■ Art. 2226 does no more than make the minimum fee schedule prima facie evidence of the *amount* and *reasonableness,* and if the defendant had desired to raise a fact issue as to either of these, he could have done so by filing opposing affidavits as provided for in Rule 166–A.

This court is aware that Himes v. American Home Fence Co., 379 S.W.2d 290 (Tex.1964), was the law in Texas before Art. 2226 was amended in 1971, but a reasonable construction of such article demonstrates that the law was changed by such amendment. To interpret amended Art. 2226 to mean it has no application to summary judgment cases would result in it having little beneficial effectiveness, and the real purpose of Rule 166–A would be defeated.

Associate Justice Barron on the 14th Court of Civil Appeals in Houston placed such interpretation upon Art. 2226 in Duncan v. Butterowe, Inc., 474 S.W.2d 619 (Tex.Civ.App., Houston—14 Dist., 1971, no writ), despite the fact that the Chief Justice of that court in an article, "Texas Summary Judgment Practice" in 13 South Texas L.J. 1, 6 (1971), expressed this opinion:

> "Some of the problems with reference to the recovery of attorney's fees in summary judgment proceedings may have been solved by the recent amendment to Tex.Rev.Civ.Stat.Ann., Art. 2226."

Justice Peden, of the 1st Court of Civil Appeals in Houston, came to a contrary conclusion in Superior Stationers Corp. v. Berol Corporation, 483 S.W.2d 857 (Tex.

Civ.App., Houston—1st Dist., 1972, no writ), some six months after the *Duncan* case, supra. That court affirmed a summary judgment allowing attorney's fees. Obviously, the Supreme Court of this state will have to resolve this question.

There are cases in the State of Texas holding our courts may not take "judicial notice" of certain facts in summary judgment cases, including: Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274 (1961); Boswell v. Handley, 397 S.W.2d 213 (Tex. 1965), and Perkins v. Crittenden, 462 S. W.2d 565 (Tex.1970). However, it is noted that all of these cases were before the 1971 Amendment to Art. 2226, and more important, none involved the question of a court taking "judicial notice" of some fact which such court was specifically authorized to take by statute. This all brings us back to the primary question for determination, and that is whether or not a summary judgment is a "non-jury case" in the sense that term is used in Art. 2226. Placing this construction upon Art. 2226 as amended, gives a reasonable meaning to both the statute and Rule 166–A and makes it possible for the courts to attain the obvious intention of the Legislature.

Motion for rehearing overruled.

KEITH, Justice (dissenting on rehearing).

Upon reconsideration of the question presented by this appeal, I now withdraw my concurrence in the affirmation of the cause and register my dissent to the affirmation of the summary judgment. In doing so, I particularly disavow the statement in the majority opinion on rehearing that "the primary question for determination . . . is whether or not a summary judgment is a 'non-jury case' in the sense that term is used in Art. 2226." The primary question is the same as that which has always confronted this court: Did plaintiff establish, as a matter of law, its right to recover $1,960.12 as "reasonable attorney's fees" in its suit upon the note?

I supplement the statement of the case only briefly in order to bring the discussion into focus. The only summary judgment proof in the record with reference to the reasonableness of the attorney's fees is to be found in the affidavit of plaintiff's counsel wherein he swore that he was competent to testify and continued:

"I am a member of the State Bar of Texas and am engaged in the private practice of law. I am a member of the law practice of Pat T. Peyton, Jr., of Beaumont, Texas. I am familiar with the attorney's fees normally and customarily charged in litigation of the type now before this Court. *It is my opinion* that $2,000.00 as prayed for by Plaintiff in this cause is a reasonable attorney's fee."[1]

No summary judgment proof established what fee was considered to be reasonable under the State Bar Minimum Fee Schedule; the fee schedule was not made a part of the summary judgment proof; the record does not disclose what amount plaintiff had agreed to pay its attorney; there is no proof as to the time spent on the litigation by the attorney and the intricacies, if any, of the case; nor does the summary judgment proof disclose whether the fee suggested by counsel was based upon a contingent or non-contingent arrangement with the plaintiff.

Art. 2226, V.A.C.S., as amended in 1971, contains two sentences pertinent to this case:

"The amount prescribed in the current State Bar Minimum Fee Schedule shall be prima facie evidence of reasonable attorney's fees. The court, *in non-jury cases*, may take judicial knowledge of such schedule and of the contents of the case file in determining the amount of attorney's fees without the necessity of hearing further evidence."

The majority recognizes, as indeed it must under the compelling line of authorities cited,[2] that trial courts are not authorized to take judicial notice of matters not included within the summary judgment proof. The only way the trial court, or this court for that matter, learned of the minimum fee schedule was to take judicial notice thereof—it was in no manner brought to the attention of the court in the summary judgment proof.

In Gardner v. Martin, fn. 2, supra, the Court recognized the general rule that a trial court may take judicial knowledge of its own records in a cause involving the same subject matter between the same, or practically the same, parties.

But the crux of the holding is to be found in this quotation:

"We hold, however, that a compliance with Rule 166–8(e) required that the certified copies of the documents referred to should be attached to the motion. There were no papers, records, or other documents from said Cause No. 58–68 [the earlier case in the same court] attached to the motion by either sworn or certified copies. Since the matters referred to were court records, certified copies should have been attached to the motion; therefore, defendants had not complied with the provisions of Rule 166–A and were not entitled to a summary judgment."[3] (345 S. W.2d at *276–277*)

I submit that if a trial court cannot take judicial notice of its own records in a case between the same parties (which may even have the trial judge's signature on a judgment), he is not authorized to take judicial

1. All emphasis as well as material in brackets has been supplied unless otherwise indicated.

2. Gardner v. Martin, 162 Tex. 156, 345 S.W. 2d 274, 276 (1961); Boswell v. Handley, 397 S.W.2d 213, 216 (Tex.1965); Perkins v. Crittenden, 462 S.W.2d 565, 567 (Tex.1970).

3. It is obvious that a typographical error is to be found in quoted text: the reference to "Rule 166–8(e)" should have been to "Rule 166–*A*(e)".

notice of some edict proclaimed by an unofficial organization, even though it is the prestigious State Bar of Texas. Yet, that is all that can be used to support the judgment which the majority now affirms.

The rule is well established that in a hearing on a motion for summary judgment only evidence properly made a part of the summary judgment may be considered by the court. Gardner v. Martin, fn. 2, supra; Richards v. Allen, 402 S.W.2d 158, 161 (Tex.1966); State v. Easley, 404 S.W.2d 296, 297 (Tex.1966). Thus, only in a conventional trial without a jury, wherein the trial judge acts as the trier of the facts, may the court take judicial notice of the minimum fee schedule; a hearing on the motion for summary judgment "is not a conventional trial." Richards v. Allen, supra. In a hearing on the motion for summary judgment, the trial court does not determine disputed facts, it determines only the non-existence thereof; or, to put it differently, that the moving party has demonstrated, as a matter of law, his right to judgment. An unusually long line of cases supports this rule of law.[4]

There is yet another reason why I confess error in adhering to the original opinion of affirmation: The unsupported conclusory opinion of plaintiff's counsel as to the reasonableness of the fee did no more than raise an issue of fact. Opinion evidence does not establish any material fact as a matter of law. Broussard v. Moon,

431 S.W.2d 534, 537 (Tex.1968); Gibbs v. General Motors Corp., 450 S.W.2d 827, 829 (Tex.1970). Moreover, plaintiff's counsel was an interested witness; under such circumstances, his affidavit did not establish the reasonableness of the fee; as a matter of law, it simply raised an issue of fact. Great American R. Ins. Co. v. San Antonio Pl. Sup. Co., 391 S.W.2d 41, 47 (Tex. 1965); Broussard v. Moon, supra.

The troublesome question of the interplay between Art. 2226, V.A.C.S., as amended in 1971, and Rule 166–A, T.R.C. P., has not yet been resolved by our Supreme Court, and the decisions of the several Courts of Civil Appeals are difficult, if not impossible to reconcile.

The question is further complicated when we refer to the language found in Himes v. American Home Fence Co., 379 S.W.2d 290, 291 (Tex.1964): "Cases dealing with the fixing of attorney's fees by the trial judge when acting as the trier of fact have no application to a summary judgment proceeding."[5] If we add the word "statutes" to the quotation so that it reads: "Cases and statutes dealing," etc., we bring our discussion into harmony with the philosophy of our Supreme Court in dealing with summary judgment proceedings. See, e. g., Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396, 400 (1958); Gardner v. Martin, fn. 2, supra, (345 S.W.2d at 276); Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230, 234 (Tex.1962).

4. In a series of recent cases, our Supreme Court has held that the burden is on the movant to establish, as a matter of law, that there is no genuine issue of fact. See, e. g., Gibbs v. General Motors Corp., infra (450 S.W.2d at 828); Glenn v. Prestegord, 456 S.W.2d 901 (Tex.1970); Harrington v. Young Men's Christian Ass'n of Houston, 452 S.W.2d 423 (Tex.1970); Prestegord v. Glenn, 441 S.W.2d 185 (Tex.1969); Torres v. Western Cas. & Surety Co., 457 S.W.2d 50, 52 (Tex.1970); Abbott Laboratories v. Gravis, 470 S.W.2d 639 (Tex.1971); Guidry v. Neches Butane Products Company, 476 S.W.2d 666 (Tex. 1972); Lokey v. Texas Methodist Foundation, 479 S.W.2d 260 (Tex.1972); Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557, 562 (1962); Swilley v. Hughes, 488 S.W.2d 64,

68 (Tex.1972); "Moore" Burger, Inc. v. Phillips Pet. Co., 492 S.W.2d 934, 936 (Tex.1972).

5. *Himes* has been followed in these cases: McCown v. Owen, 389 S.W.2d 191, 192 (Tex. Civ.App., Fort Worth, 1965, error dism.); Nelms v. Shotola, 407 S.W.2d 266, 270 (Tex. Civ.App., Dallas, 1966, no writ); New Amsterdam Cas. Co. v. Texas Industries, Inc., 408 S.W.2d 733, 736 [Tex.Civ.App., Austin, 1966, reversed on other grounds, 414 S.W.2d 914 (Tex.1967)]; Insurance Company of North America v. Escalante, 484 S.W.2d 608, 611 (Tex.Civ.App., San Antonio, 1972, error ref. n. r. e.); and Danner v. McMahan, 490 S.W.2d 213, 218 (Tex.Civ.App., Amarillo, 1973, error ref. n. r. e.).

There is much to be said for the simplicity with which the court in Superior Stationers Corp. v. Berol Corporation, 483 S. W.2d 857, 859–860 (Tex.Civ.App., Houston —1st Dist., 1972, no writ), disposed of the problem:

"The amendment to Art. 2226, like the 'prima facie evidence' provision in Rule 185, Texas Rules of Civil Procedure, is not a substantive rule, but is one of procedure with regard to evidence necessary to establish a prima facie right of recovery."

But, juxtaposed to this holding, we find another court in the same city reaching a contrary result. In Duncan v. Butterowe, Inc., 474 S.W.2d 619, 621 (Tex.Civ.App., Houston—14th Dist., 1971, no writ), the court discussed the amendment to Art. 2226 and held that the minimum fee schedule proclaimed by the State Bar amounted only to prima facie evidence of the reasonableness of such fee; but, that under the authoritative holdings of the Supreme Court, the moving party in a summary judgment must establish his right thereto as a matter of law.[6] The conflict is pointed up in this language:

"We hold that amended Art. 2226, V.A.T.S., requires that the trial court consider prima facie evidence of reasonable attorney's fees, and therefore appellee has not satisfied the summary judgment rule in this respect under the circumstances."

If the attempted distinction of Duncan v. Butterowe, Inc., supra, enunciated by the Texarkana court in McDonald v. Newlywed's, Inc., 483 S.W.2d 334, 338 (Tex. Civ.App., Texarkana, 1972, error ref. n. r. e.), is to be accepted, then our record demands a reversal. Here the lowest noncontingent fee authorized by the minimum bar schedule was in excess of that allowed by the court.

There are other cases which point up the conflict with the holding of the majority and that of Duncan v. Butterowe, supra. In Lancaster v. Wynnewood State Bank, 470 S.W.2d 78, 79 (Tex.Civ.App., Waco, 1971, no writ), the court sustained the appellant's contention that "reasonable attorneys fees cannot be adjudicated by summary judgment upon affidavit of an attorney that in his opinion a certain sum is reasonable." Further, the court held: (a) opinion testimony cannot establish any material fact as a matter of law; (b) expert opinion adduced by affidavit on motion for summary judgment does not establish a fact as a matter of law; and (c) "[w]hat is a reasonable attorneys fee is a question of fact to be determined by the trier of fact, and expert opinion of witnesses is not conclusive." (470 S.W.2d 80)

Audiomedia, Inc. v. Rollins Outdoor Advertising, Inc., 477 S.W.2d 370, 375 (Tex. Civ.App., San Antonio, 1972, error ref. n. r. e.), found the court reversing the judgment as to the allowance of attorney's fees because the plaintiff had not established whether the fee was contingent or non-contingent and the award was in excess of the non-contingent fee. Both factors are present in this case.

No reference was made to the amended statute by the court in Danner v. McMahan, fn. 5, supra. The court simply found that there was no summary judgment proof of either the amount or reasonableness to support the judgment; and, citing *Himes,* supra (379 S.W.2d at 290), disallowed the recovery.[7]

Upon original submission, we relied upon Fisher v. Howard, 389 S.W.2d 482, 488 (Tex.Civ.App., Dallas, 1965, no writ) ; but, upon further analysis, I am fearful that we again fell into error. There the amount of the attorney's fees was fixed in the note at

6. See and compare Flowers v. Dempsey-Tegeler & Co., 472 S.W.2d 112, 115–116 (Tex.1971), holding that since plaintiff need do more than establish a prima facie case on a trial on the merits, prima facie evidence thereof was sufficient to maintain venue.

7. See also, B. Tunks, "Texas Summary Judgment Practice", 13 South Texas L.J. 1, 5–6 (1971), where the conflicting holdings of several other cases are discussed by the author.

ten percent; and, the court, citing Himes v. American Home Fence Co., supra, continued:

"However, we are not concerned here with a case where the trial judge was called on to fix the amount of the attorney's fee. *Here the parties themselves fixed the amount by contract as shown on the face of the note.*"

Thus, the only question for the trial court was the reasonableness of the fee, not the amount. The rationale of Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948, 951 (1960), became operative. Defendant had already stipulated the amount; and, if he was to contest the reasonableness, he must come forward with evidence sufficient to raise that question.[8]

In our case there was no stipulation as to the fee except it must be a "reasonable fee"; consequently, upon the hearing on its motion for summary judgment, plaintiff had the burden of establishing, as a matter of law, two facts: (a) the amount of the fee, and (b) that it was reasonable as applied to the facts of the case. This was not a matter of an affirmative defense of the defendants; it was a part of plaintiff's burden in procuring the summary judgment. The rationale of Kuper v. Schmidt, supra (338 S.W.2d 951), and its progeny, is inapplicable.

See also, Insurance Company of North America v. Escalante, supra, fn. 5, wherein the court pointed to the lack of proof of the reasonableness of the fees sought and the failure of the proof "as to the nature of such services." The court, reversing the allowance of the fee, then noted the holding of the Supreme Court in Great American Reserve Insurance Co. v. Britton, 406 S.W.2d 901 (Tex.1966).

In the cited case, Chief Justice Calvert noted that " '[t]he reasonableness of attorney's fees in an insurance case is a question of fact to be determined and must be supported by competent evidence and may be submitted to a jury.' " The Chief Justice continued:

"There are holdings in some Court of Civil Appeals' opinions that the reasonableness of attorney fees is not a jury question but is a matter entrusted to the trial judge's discretion; and further, that the trial judge may adjudicate reasonableness on judicial knowledge and without the benefit of evidence. . . . [citation of cases omitted]. Those holdings are in conflict with our own in *Johnson* [v. Universal Life & Accident Ins. Co., 127 Tex. 435, 94 S.W.2d 1145, 1146 (1936)] and *Trevino* [v. American National Ins. Co., 140 Tex. 500, 168 S.W.2d 656, 660 (1943)], and are disapproved." (406 S.W.2d at 907)

I am unable to harmonize the last sentence of Art. 2226 with the large body of law exemplified by the decisions of our Supreme Court construing Rule 166–A strictly. A judge, sitting non-jury to determine the fact issues presented, is authorized to take judicial knowledge of the minimum fee schedule; a judge ruling on a motion for summary judgment, must take the record presented to him by the movant. He is not authorized to determine the facts in the latter instance; such facts must be established as a matter of law by the summary judgment proof. I am of the opinion that the last sentence of amended Art. 2226 is inconsistent with and repugnant to summary judgment procedure in this state.

Likewise, the conflict in opinions of the several Courts of Civil Appeals leaves much to be desired in this important field

8. Where the amount of the attorney's fees is fixed in the note, i. e., 10 percent of the amount then due plus interest, the holder is entitled to judgment for the stipulated attorney's fees without proof that the fee is reasonable. Lanier v. Jones, 104 Tex. 247, 136 S.W. 255 (1911). If the maker desires to contest the reasonableness of the stipulated fee, it is incumbent upon him to raise the issue of reasonableness affirmatively. Kuper v. Schmidt, supra. (338 S.W.2d at 950)

of procedural law. I profess my inability to rationalize the several holdings, only some of which have been mentioned herein.

I would affirm the judgment allowing recovery upon the note but would reverse the judgment and remand the cause for trial upon the issue of attorney's fees. I dissent, respectfully, to the affirmation of the judgment in its entirety.