Claude C. COWARD et al., Petitioners,

v.

GATEWAY NATIONAL BANK OF
BEAUMONT, Respondent.

No. B–4933.

Supreme Court of Texas.

July 9, 1975.

Rehearing Denied July 30, 1975.

Gordon R. Pate, Orgain, Bell & Tucker,
Gilbert I. Low, Beaumont, for petitioners.

Wells, Peyton, Duncan, Beard, Green-
burg, Hunt & Crawford, Phil Dunlap, Beau-
mont, for respondent.

WALKER, Justice.

Article 2226, Vernon's Ann.Tex.Civ.St.,
authorizes the recovery of a reasonable

amount as attorney's fees where certain types of claims are not paid or satisfied thirty days after presentment and judgment is finally obtained thereon. The statute was amended in 1971 to add the following provisions:

> The amount prescribed in the current State Bar Minimum Fee Schedule shall be prima facie evidence of reasonable attorney's fees. The court, in non-jury cases, may take judicial knowledge of such schedule and of the contents of the case file in determining the amount of attorney's fees without the necessity of hearing further evidence.

In our opinion the quoted provisions apply only in suits to establish one or more of the claims covered by the statute, and the fee suggested in the State Bar Minimum Fee Schedule is not conclusive even when there is no evidence to the contrary.

This suit was brought by Gateway National Bank of Beaumont against Claude C. Coward and David Don Spell to recover the principal balance, interest and attorney's fees on four notes in the aggregate face amount of $17,474.47. Each of the notes provides for "reasonable" attorney's fees. The trial court rendered summary judgment in plaintiff's favor for the unpaid principal balance of $11,760.75 plus an attorney's fee of $2,000.00, interest and costs. The Court of Civil Appeals suggested a remittitur of $39.88 of the attorney's fee. When the remittitur was filed, the judgment of the trial court was reformed and affirmed. One justice dissented on motion for rehearing. 515 S.W.2d 129. Since the amount of a "reasonable" attorney's fee has not been conclusively established, we reverse the judgments of the courts below and remand the cause to the trial court.

■ Defendants do not question their liability on the notes. They contend only that the trial court erred in awarding attorney's fees in a summary judgment proceeding on the record in this case. In connection with the motion for summary judgment, plaintiff's attorney filed an affidavit stating that he is a member of the State Bar of Texas and engaged in the private practice of law, that he is familiar with the attorney's fees customarily charged in litigation of the type before the court, and that in his opinion $2,000.00 is a reasonable attorney's fee. This expression of opinion by an expert witness is not conclusive and does not support the award of attorney's fees in the summary judgment proceeding. See *Gibbs v. General Motors Corp.,* Tex.Sup., 450 S.W.2d 827; *Broussard v. Moon,* Tex.Sup., 431 S.W.2d 534; *Gulf Paving Co. v. Lofstedt,* 144 Tex. 17, 188 S.W.2d 155.

The award of attorney's fees by the trial court was evidently based on the affidavit, but the Court of Civil Appeals did not uphold the award on that basis. Although the trial court had not been requested to do so, the intermediate court took judicial notice of the State Bar Minimum Fee Schedule. The minimum fees suggested in the schedule for "Commercial Collections" are: (1) a contingent fee of 33⅓% of the amount collected or realized, or (2) a non-contingent fee of 16⅔% of the amount involved. Since the record is silent as to the fee arrangement made by plaintiff with its attorney, the Court of Civil Appeals applied the smaller percentage. On the basis of this calculation, it concluded that the $2,000.00 allowed by the trial court is $39.88 in excess of the minimum fee recommended in the schedule and ordered a remittitur of the $39.88.

Article 2226 authorizes the recovery of attorney's fees in suits "for services rendered, labor done, material furnished, overcharges on freight or express, lost or damaged freight or express, or stock killed or injured or suits founded upon a sworn account or accounts." Our courts have not previously decided whether the provisions added by the 1971 amendment apply to suits on other claims. Although the minimum fee schedule was mentioned in *Bottoms v. Lyons,* Tex.Civ.App., 487 S.W.2d 813 (no writ), which was a suit to recover on a note and other indebtedness, the schedule

had no effect on the disposition of the appeal. In *Lancaster v. Wynnewood State Bank,* Tex.Civ.App., 470 S.W.2d 78 (no writ), the plaintiff argued unsuccessfully that an award of attorney's fees on a note was harmless error in view of the provisions of the schedule, but the 1971 amendment to Article 2226 evidently had not become effective when the case was tried. The statute was urged by the plaintiff in *Audiomedia, Inc. v. Rollins Outdoor Advertising, Inc.,* Tex.Civ.App., 477 S.W.2d 370 (wr. ref. n. r. e.), which was a suit to recover amounts claimed to be owing under two written contracts, but the appellate court did not hold or state that the statute was applicable. It did refer to the schedule and held that an attorney's fee in the amount awarded by the trial court there was not supported by the record.

If the Legislature had intended for the amount prescribed in the minimum fee schedule to be prima facie evidence of reasonable attorney's fees in all types of suits, there was no reason to amend Article 2226. The intent could have been more clearly and readily expressed by simply adopting a separate statute. Instead of doing this, the lawmakers added the provisions quoted above to Article 2226, which deals only with certain types of claims. Their intention to limit the scope of the 1971 amendment to the claims mentioned in the statute is clearly expressed in the caption of the Act, which reads as follows:

> An Act relating to the recovery of attorney's fees *in certain suits* in which a person, corporation, partnership or other legal entity obtains judgment for an unpaid claim, amending Article 2226, Revised Civil Statutes of Texas, 1925, as amended; and declaring an emergency. (Emphasis supplied)

We accordingly hold that Article 2226 as amended in 1971 applies only in suits on one or more of the claims described in the statute, and the present suit is not on such a claim. A somewhat more difficult question is whether the minimum fee schedule is, in the absence of proof to the contrary, conclusive in a summary judgment proceeding in a suit to which the statute applies. Prior to the decision in the present case, two Courts of Civil Appeals concluded that it is. *McDonald v. Newlywed's, Inc.,* Tex.Civ.App., 483 S.W.2d 334 (wr. ref. n. r. e.); *Superior Stationers Corp. v. Berol Corp.,* Tex.Civ.App., 483 S.W.2d 857 (no writ). See also Hyden, The Recovery of Attorney Fees in Texas, 4 St. Mary's L.J. 340. Two other intermediate courts have held to the contrary. *Stafford v. Brennan,* Tex.Civ.App., 498 S.W.2d 703 (no writ); *Duncan v. Butterowe, Inc.,* Tex.Civ.App., 474 S.W.2d 619 (no writ). We agree with the latter view.

The term "prima facie evidence" is ambiguous at best. As Professor Wigmore points out, it is sometimes used "as equivalent to the notion of a presumption," i. e. it entitles the proponent to an instructed verdict on the issue in the absence of evidence to the contrary. The term is also used to mean that the proponent has produced sufficient evidence to go to the trier of fact on the issue. See 9 Wigmore on Evidence, 3rd ed. 1940, § 2494; 1 McCormick and Ray, Texas Law of Evidence, 2nd ed. 1956, § 55; *Dodson v. Watson,* 110 Tex. 355, 220 S.W. 771; *Alston v. State,* 154 Tex.Cr. 148, 226 S.W.2d 443. It is in the latter sense that the term was used in Article 2226. After providing that the amount prescribed in the minimum fee schedules shall be prima facie evidence of reasonable attorney's fees, the Legislature authorized the court, in non-jury cases, to take judicial notice of such schedule "and of the contents of the case file *in determining the amount of attorney's fees without the necessity of hearing further evidence.*" In other words the court may examine the case file and is to make a determination of the amount of attorney's fees even if no other evidence is offered. This responsibility may be discharged by the trial judge in his role of trier of fact in the conventional trial of a non-jury case but not in passing on a motion for summary judgment. It is clear

then that the amount prescribed in the schedule is not conclusive but will, if the statute is otherwise valid and effective,[1] simply support a determination made by the trier of fact. Any holdings or statements to the contrary in *Newlyweds* and *Superior Stationers* are disapproved.

The judgments of the courts below are reversed and the cause is remanded to the district court.

---

1. See *Goldfarb v. Virginia State Bar*, —— U.S. ——, 95 S.Ct. 2004, 44 L.Ed.2d 572.